**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**NATASHA EVANS TAYLOR**                                               **PLAINTIFF**

**V.**                                                    **CASE NO. 3:12-CV-729-HTW-MTP**

**HINDS COUNTY DEPARTMENT OF**
**HUMAN SERVICES, MICHAEL W. MILLER,**
**AND JOHN DOES 1-10**                                          **DEFENDANTS**

**REPORT AND RECOMMENDATIONS**

This matter is before the Court on the Motions to Dismiss [3][5] filed by the defendants, Michael W. Miller and Mississippi Department of Human Services. The Plaintiff has responded in opposition. Having considered the motions, submissions of the parties, and applicable law, the undersigned recommends that the motions be granted, but that the Plaintiff be granted leave to amend her complaint as to certain claims.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff Natasha Evans Taylor is a former employee of the Mississippi Department of Human Services ("MDHS").[1] Taylor worked at MDHS from approximately December 1, 2009, until her termination on or about April 5, 2011. On July 23, 2012, Taylor filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was discriminated against and terminated from MDHS in retaliation for assisting in a sexual harassment investigation concerning an MDHS director at her office, Michael W. Miller, and another employee. In a letter dated July 26, 2012, the EEOC notified Taylor that her charge had

---

[1] MDHS has been erroneously sued as "Hinds County Department of Human Services." In her responses to the motions, the Plaintiff does not take issue with the defendants' assertions that the correct employer is MDHS.

not been timely filed and, therefore, the file related to the charge would be closed.  Doc. [1-2].  In addition, the EEOC issued Taylor a "notice of suit rights," which stated that Taylor had 90 days from the date she receives the notice to file a lawsuit regarding her claim in federal or state court.

On October 24, 2012, Taylor filed a complaint in this Court against Michael W. Miller, in his official and individual capacities, and the Hinds County Department of Human Services for sexual harassment, sexually hostile work environment, sex discrimination, and retaliation.  Taylor asserts that the defendants have acted in violation of Title VII of the Civil Rights Act of 1964, as amended, the Fourteenth Amendment, and 42 U.S.C. § 1983.  She seeks back pay, future pay, compensatory damages, punitive damages, attorneys' fees, costs, and expenses.

On November 1, 2012, both defendants filed motions to dismiss the complaint.  In its motion, MDHS provides that the Plaintiff incorrectly identified "Hinds County Department of Human Services" as a defendant rather than MDHS, which is the proper name of the Plaintiff's former employer.  In their respective motions, both defendants argue that the Plaintiff fails to state a viable claim against them.  MDHS contends that it cannot be held liable under § 1983, that the Plaintiff's Title VII claim is time-barred, and that punitive damages are not an available remedy against governmental agencies under Title VII or § 1983.  Miller further argues that he is entitled to sovereign and qualified immunity on the claims asserted against him.

Taylor responded to the defendants' motions, contending that she is entitled to equitable tolling on her Title VII claim, that she has stated a claim under § 1983 against Miller, and that Miller is not entitled to qualified immunity.  Taylor did not respond to the arguments that MDHS cannot be held liable under § 1983; that individual liability does not exist under Title VII; and that punitive damages are not recoverable against a governmental agency under Title VII or

Section 1983. As such, she concedes these claims. It must now be determined whether the remaining facts, as alleged in the complaint, state a claim for relief against the defendants.

## DISCUSSION

Dismissal Standard

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege sufficient facts that, taken as true, state a claim that is plausible on its face." *Amacker v. Renaissance Asset Mgmt. LLC,* 657 F.3d 252, 254 (5th Cir. 2011) (citing *Hershey v. Energy Transfer Partners, L.P.,* 610 F.3d 239, 245 (5th Cir. 2010)). "To survive a motion to dismiss, a complaint must contain . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009). A complaint will not pass Rule 12(b)(6) scrutiny if it contains "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . [which] do not permit the court to infer more than the mere possibility of misconduct." *Id.* at 678-679. Although for purposes of a motion to dismiss, courts "must take all factual allegations in the complaint as true, [they] are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed. 2d 209 (1986).

The Plaintiff does not allege sufficient facts for this Court to infer that the defendants violated her rights under the Constitution or Title VII. The complaint is filled with conclusory statements, and fails to provide a sufficient factual basis for this Court to conclude that she has a viable claim against the defendants.

Claims against Defendant Miller

Taylor alleges that while she worked at MDHS, she "experienced, observed, and heard

sexually harassing remarks and actions by Michael W. Miller who created a hostile and offensive work environment." Compl. [1] at 3. She claims she saw Miller order a female coworker inside a file room and lock himself in the room with the coworker. *Id*. Taylor contends that the coworker later stated that Miller sexually harassed her and forced her in his lap asking "What do you want Santa Claus to get you for Christmas?" *Id*. Taylor also alleges that she observed "future sexual harassment" by Miller and that she testified in an internal investigation against Miller. The Plaintiff claims that other witnesses to Miller's alleged conduct were terminated and that she was ultimately terminated in retaliation for helping with the sexual harassment investigation. Compl. [1] at 4. She asserts that Miller created a sexually hostile work environment, engaged in gender discrimination, and retaliated against her in violation of Title VII and § 1983.

     Although confessed, Taylor does not have a viable Title VII claim against Miller because individuals cannot be held liable under that statute. *See Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 381 n. 1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.* 298 F.3d 434, 448-49 (5th Cir. 2002)) ("[I]ndividuals are not liable under Title VII in either their individual or official capacities"). Title VII prohibits employers, not individuals, from engaging in unlawful employment practices such as discriminating against a person based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Accordingly, this claim must be dismissed.

     In addition, the claims asserted against Miller in his official capacity under § 1983 must be dismissed. Any lawsuit "against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). "[A]n unconsenting State is immune from suits brought in federal court by her own citizens as well as by the citizens of another state." *Pennhurst State*

*School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Taylor's claim against Miller in his official capacity is essentially a claim against the state of Mississippi. Since Mississippi has not consented to suit in this Court, neither it nor Miller in his official capacity can be held liable for money damages. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (stating that the Eleventh Amendment bars any claim asserted against state officials in their official capacities for money damages).

As to the individual capacity claims under § 1983, Miller argues that he is entitled to qualified immunity. To determine whether a government employee is entitled to qualified immunity, this Court must decide whether the facts alleged by the Plaintiff show that the employee violated a constitutional right and, if so, whether that right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). The doctrine of qualified immunity, however, is inapplicable if a government employee's actions violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*. at 231 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Taylor alleges that Miller violated her constitutional rights by creating a hostile work environment, discriminating against her based on sex, and terminating her for assisting with an internal investigation. A review of the complaint reveals that the Plaintiff has not provided enough facts to state a viable claim against Miller based on any of these arguments.

To state a hostile work environment claim, Taylor must show that (1) she is a member of a protected group; (2) she was subjected to uninvited sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of her employment; and (5) her employer knew or should have known about the harassment and failed to take prompt remedial action. *E.E.O.C. v. WC&M Enterprises Inc.*, 496 F.3d 393, 399 (5th Cir. 2007) (citing

*Harville v. Westward Commc'ns, LLC*, 433 F.3d 428, 434 (5th Cir. 2005)).  The same standard is used in stating a claim for hostile work environment under § 1983 and Title VII.  *Blackwell v. Laque*, 275 F.App'x 363, 367 (5th Cir. 2008) (quoting *Lauderdale v. Texas Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 166 (5th Cir. 2007)) (stating that "[t]he inquiry into intentional discrimination is essentially the same for individual actions brought under sections 1981 and 1983, and Title VII").  "[S]exual harassment is discrimination based on sex, not merely workplace behavior with sexual overtones." *Butler v. Ysleta Indep. Sch. Dist.*, 161 F.3d 263, 268 (5th Cir. 1998).

     While Taylor shows that she is a member of a protected class (women), she does not plead facts which show that she is a victim of unwelcome or uninvited sexual harassment.  In the complaint, she alleges that she witnessed other employees being subjected to sexual harassment–she does not state that Miller harassed her.  Although she states that she "experienced, observed, and heard sexually harassing remarks and actions by Michael W. Miller," she does not provide the Court with the content of any sexually harassing remarks that were made to her.  The only remark that Taylor includes in her complaint was allegedly made to another employee.  Taylor never asserts that Miller made sexually harassing or inappropriate remarks directly to her. Moreover, she does not provide enough facts for the Court to conclude that Miller's conduct was "sufficiently severe or pervasive."[2]  The Plaintiff, therefore, fails to allege facts which demonstrate that she suffered sexual harassment.  As such, she cannot make a prima facie showing of hostile work environment.

     While dismissal may be proper under Rule 12(b)(6) based on a failure to plead sufficient

---

[2]As to the fourth element, "the harassment must be sufficiently severe or pervasive to alter the conditions of [the victim's employment and create an abusive working environment." *Lauderdale*, 512 F.3d at 163 (internal citations and quotation marks omitted).

facts, the undersigned is of the opinion that the Plaintiff should be afforded an opportunity to amend her complaint with respect to this claim.  *See Jackson v. Mississippi*, No. 5:12-cv-94-DPJ-FKB, 2012 WL 5185726, at *3 (S.D. Miss. Oct. 18, 2012) (granting defendants' 12(b)(6) motion to dismiss, but allowing plaintiff leave to amend her complaint); *Kirkland v. Hinds Co. Dept. of Human Servs.,* No. 3:12-cv-512-TSL-MTP (S.D. Miss Oct. 30, 2012); *Tuma v. Jackson Mun. Airport Auth.*, No. 3:09-cv-517-DPJ-FKB, 2012 WL 1229133, at *2 (S.D. Miss. Apr. 10, 2012) ("Although a court may dismiss the claim it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so") (internal citations and quotation marks omitted).

To establish a valid claim for employment discrimination, Taylor must show: (1) she is a member of a protected group; (2) she was qualified for her position at MDHS; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside of her protected class, or in the case of disparate treatment, show that other similarly situated employees were treated more favorably than she was.  *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004) (citing *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512 (5th Cir. 2001)).

Taylor alleges in the complaint that she is a member of a protected class (woman) and that she was subjected to an adverse employment action (termination).  Although she does not specifically state that she was qualified for her position, given the time she worked at MDHS, it is reasonable to assume that she alleges facts to support this element.  The final element of an employment discrimination claim, however, is lacking.  The Plaintiff does not assert that she was replaced by someone outside of her protected class or that other similarly situated employees

were treated more favorably. Her complaint, therefore, does not contain enough facts to make a claim for employment discrimination. Nevertheless, as with the hostile work environment and/or sexual harassment claim, the undersigned is of the opinion that the Plaintiff should be granted leave to amend.

Taylor's final § 1983 claim against Miller in his individual capacity is that he terminated her in retaliation for assisting in an internal investigation. Taylor states that Miller retaliated against her in violation of the Fourteenth Amendment. Although she does not specify, it appears that this claim is based on the Equal Protection Clause of the Fourteenth Amendment.[3] As this Court stated in *Robinson v. Jackson Public School District*, "[w]orkplace retaliation finds a natural home in Title VII, and perhaps under the First Amendment . . . [b]ut the Equal Protection Clause does not preclude workplace retaliation." 2011 WL 198127, at *5 (S.D. Miss. Jan. 20, 2011) (citing *Teigen v. Renfrow*, 511 F.3d 1072, 1086 (10th Cir. 2007)); *Matthews v. City of West Point, Miss.*, 863 F.Supp. 2d 572, 604 (N.D. Miss. March 23, 2012) ("Although claims of retaliation are commonly brought under the First Amendment and may also be brought under Title VII, retaliation claims growing out of complaints of employment discrimination have not been recognized under the Equal Protection Clause of the Fourteenth Amendment"). Accordingly, the Plaintiff's retaliation claim against Miller is not actionable and should be

---

[3]The Fourteenth Amendment provides in relevant part as follows:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Taylor does not assert denial of due process or invoke the Privileges and Immunities clause. Thus, it appears that her retaliation claim falls under the Equal Protection Clause.

dismissed.[4]

As discussed above, Taylor has not provided enough facts to state a § 1983 claim for gender discrimination and hostile work environment/ sexual harassment.  Likewise, she cannot maintain her retaliation claim against Miller in his individual capacity.  In deciding whether qualified immunity applies, this Court must determine whether the facts alleged by Taylor show that Miller violated her constitutional rights.  *Pearson*, 555 U.S. at 231-32.  Here, the Plaintiff has not stated a valid claim for hostile work environment, sexual harassment, or gender discrimination.  Nevertheless, because the undersigned opines that Taylor should be afforded an opportunity to cure her errors, the qualified immunity inquiry stops here with respect to these claims.  The Plaintiff's retaliation claim, however, cannot be cured as it is not actionable under the Equal Protection Clause.  Accordingly, qualified immunity applies to shield Miller from being held personally liable in this case for retaliating against Taylor.  The retaliation claim should be dismissed.

Claims against MDHS

Taylor argues that the Court should allow her Title VII claims to proceed against MDHS because equitable tolling applies to the limitations period for timely filing an EEOC charge of discrimination.  In response, MDHS contends that Taylor did not exercise due diligence in pursuing her EEOC claim so as to invoke the equitable tolling doctrine.

A plaintiff alleging employment discrimination under Title VII must file a charge with the EEOC within 180 days of the alleged unlawful employment act.  42 U.S.C. § 2000e-5(e)(1). "Employment discrimination plaintiffs must exhaust administrative remedies before pursuing

---

[4] Further, the Plaintiff did not specifically respond to Miller's argument that she cannot pursue a retaliation claim under the Equal Protection Clause.  Thus, it appears she concedes her retaliation claim.

claims in federal court. Exhaustion occurs when the plaintiff filed a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-379 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788-789 (5th Cir. 1996)). Timely filing a "charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but [it is however] a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Taylor v. United Parcel Service, Inc.,* 554 F.3d 510, 521 (5th Cir. 2008) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed. 2d 234 (1982)).

Equitable tolling should be applied sparingly. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed. 2d 106 (2002)). The plaintiff bears the burden of showing that a factual basis exists for tolling the limitations period. *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) (citing *Blumberg v. HCA Mgmt. Co.,* 848 F.2d 642, 644 (5th Cir. 1988)). Three bases are recognized by the Fifth Circuit for applying equitable tolling to the time period in which to file an EEOC charge of discrimination:

> (1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights.

*Granger*, 636 F.3d at 712 (internal citations omitted). In addition, equitable tolling may be appropriate in cases where "a claimant or her attorney has exercised due diligence on pursuing her rights" or where "the plaintiff took some step recognized as important by the statute before the end of the limitations period." *Id.* (internal citations and quotation marks omitted).

In the instant matter, Taylor was terminated on or about April 5, 2011. She waited over a year to file her charge of discrimination with the EEOC. No suit was pending in the wrong

forum between the parties in this case.  The Plaintiff does not assert that the defendants intentionally concealed the facts giving rise to her claims.  Likewise, she does not assert that the EEOC misled her about the nature of her rights.  Instead, Taylor argues that she was diligent in pursuing her claim after she learned she could seek relief.  Taylor maintains that she "was stunned and confused by her termination.  She was unaware of what had occurred.  Upon learning that she indeed had an avenue of redress for the mistreatment she had suffered, Taylor hired counsel to pursue her claim."  Doc. [14] at 4.

Although the Plaintiff claims she was diligent in pursing her claim, she fails to state when she hired her attorney and what steps, if any, she or her attorney took in filing a charge of discrimination with the EEOC once she learned she had "an avenue of redress."  The Plaintiff does not allege that she acted promptly once she learned of the EEOC claim filing process.  Thus, she simply does not provide a sufficient basis for this Court to conclude that she was diligent in pursing her claim so as to warrant application of equitable tolling to the limitations period.[5]  Accordingly, Taylor's employment discrimination claim under Title VII against MDHS is time-barred and should be dismissed.

## RECOMMENDATIONS

In light of the Plaintiff's failure to respond to certain arguments raised by the defendants, she concedes them.  Accordingly, the claims asserted against MDHS under § 1983, the claims asserted against Miller under § 1983 in his official capacity, and the claims asserted against

---

[5] In *Granger*, the claimants presented evidence of their due diligence and the prejudice they suffered which allowed the Fifth Circuit to conclude that the district court did not abuse its discretion in applying equitable tolling to the EEOC filing period. 636 F.3d at 713 (based on the actions of the claimants and their counsel in diligently pursuing their rights, "the government's considerable errors and neglect, and lack of demonstrated prejudice to [the employer], this case presents sufficiently rare circumstances (we trust) to support the district court's application of equitable tolling").  Taylor does not allege that such due diligence is present in this case.

Miller under Title VII in his individual and official capacity should be dismissed with prejudice. In addition, as to MDHS, the Plaintiff asserts violation of Title VII based on sexual harassment/ hostile work environment, gender discrimination, and retaliation. However, as discussed *supra*, the Plaintiff's employment discrimination claim under Title VII is time-barred and, therefore, should be dismissed. Since no claims remain against MDHS, it should be dismissed from this lawsuit. **The undersigned recommends that MDHS's Motion to Dismiss [5] be granted.**

As to Miller, the Plaintiff asserts that he should be held liable under § 1983 in his individual capacity for creating a hostile work environment and/ or sexually harassing her, engaging in gender discrimination, and retaliating against her. Because retaliation claims are not actionable under the Equal Protection Clause of the Fourteenth Amendment, the Plaintiff's retaliation claim must be dismissed with prejudice. With respect to the hostile work environment/ sexual harassment and gender discrimination claims against Miller under § 1983, the undersigned finds that the Plaintiff has not provided a sufficient factual basis for the Court to infer that her constitutional rights were violated. **Accordingly, the undersigned recommends that Miller's Motion to Dismiss [3] be granted, but that the Plaintiff be granted 10 days leave to amend her complaint against Miller individually under § 1983 as to the hostile work environment/ sexual harassment and gender discrimination claims. If the Plaintiff fails to file an amended complaint within the recommended 10 days, this case should be finally dismissed.**

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may

accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    SO ORDERED, this the 16th day of August, 2013.

                                            **/s/MICHAEL T. PARKER**
                                            UNITED STATES MAGISTRATE JUDGE