IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**NATASHA EVANS TAYLOR**                                              **PLAINTIFF**

**VERSUS**                                    **CASE NO.** 3:12-CV-729-HTW-MTP

**MICHAEL W. MILLER and**
**JOHN DOES 1-10, in their individual capacities**             **DEFENDANTS**

**AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

COMES NOW Plaintiff, Natasha Evans Taylor, and brings this action to recover damages against Defendants for sexual harassment, sexual discrimination, and sexually hostile work environment. Claims are also made against John Does 1-10, who are supervisory officials within the Hinds County Department of Human Services branch of the Mississippi Department of Human Services, but whose true identity can only be known after discovery is conducted. This action is to recover actual damages to include denied future wages, back pay, compensatory damages, punitive damage, and attorney fees. The actions of the Defendants constitute violations 42 U.S.C. Section 1983, and the Fourteenth Amendment and other provisions of the United States Constitution.

**THE PARTIES**

1.      Plaintiff, Natasha Evans Taylor, is an adult female resident citizen of Hinds, County, Mississippi who resides at 2342 Magnolia Lane, Jackson, MS 39212.

2.      Defendant, Michael W. Miller, serves as the Director of the Hinds County Department of Human Services, a branch of the Mississippi Department of Human Services, and is an individual who may be served at 4777 Medgar Evers Boulevard, Jackson, MS 39213.

3.     Defendant, John Does 1-10, are individuals who also served in a supervisory capacity at the Hinds County Department of Human Services branch of the Mississippi Department of Human Services in an oversight supervisory capacity. The individuals' identities are not known at this time.  Plaintiff will timely supplement the names of these parties upon discovery.

## JURISDICTION

4.     This action arises under Title VII, 42 U.S.C. Section 1983, and the United States Constitution.

5.     This Court has federal question jurisdiction and venue is proper to 42 U.S.C Section 1983.  A true and correct copy of the Plaintiff's EEOC Charge of Discrimination and EEOC's Dismissal and Notice of Rights were previously submitted in original Complaint.

## STATEMENT OF FACTS

6.     On December 1, 2009, Plaintiff began work with the TANF Educational Work Program offered by the Hinds County Department of Human Services, Hinds County, Mississippi, a branch of the Mississippi Department of Human Services.

7.     The TANF work program was designed to help welfare recipients and/or those in desperate need of work with training and education, sometimes resulting in those trainees being hired directly by the Department of Human Services.

8.     This educational and work program required a person to "volunteer" for three months before one could be eligible for hire by the Department of Human Services.

9.     In December 2009, Plaintiff enrolled as a volunteer for this Department of Human Services work and education program desiring to better herself in the work market, and to ultimately obtain a job to support her two children.

10.     Plaintiff met Defendant Michael W. Miller after volunteering for the Department of Human Services work program.

11.     Plaintiff worked for one year as a temporary employee and this was awarded a permanent position at the Hinds County Department of Human Services branch of the Mississippi Department of Human Services.

12.     After starting work Plaintiff saw Defendant Michael W. Miller approach a co-worker sitting next to Plaintiff, wrap his arms around the co-worker, and whisper sexual remarks.

13.     Plaintiff saw Defendant Michael W. Miller on numerous occasions make offensive and extreme touching to other female co-workers.  Plaintiff also heard Defendant Michael Miller make unwanted sexual remarks.  Plaintiff found this practice by Defendant Michael W. Miller in her presence to be outrageous and severe in her workplace.

14.     Plaintiff observed Defendant Michael W. Miller many times make unwanted sexual advances or unwanted sexual remarks to female co-workers.   Plaintiff saw Defendant Michael W. Miller repeatedly and routinely make unwanted sexual advances to others.  Plaintiff observed Defendant's unwanted actions to other co-workers numerous times and described his actions as pervasive in her workplace.

15.     After observing Defendant Michael W. Miller give unwanted hugs and make unwanted comments to other female co-workers, Plaintiff became immediately concerned, worried, stressed, and frightened.  Plaintiff could not sleep at nights and was concerned each day she reported to work that she may be next.

16.     When first employed, Plaintiff immediately learned from her direct supervisors that in order to keep your job, you had to please Defendant Michael W Miller.  Plaintiff became frightened and stressed of losing her job if Defendant Michael W. Miller approached her and refused his advances.  Plaintiff felt as though she had to submit to Defendant Michael W. Miller's unwanted sexual advances or other verbal or physical contact to her co-workers as an implicit and explicit

condition of her employment.   By what Plaintiff learned from her immediate supervisors and Defendant Michael W. Miller's actions, Defendant Michael W. Miller created quid pro quo sexual harassment to Plaintiff and other employees.

17.     Because of the frequency of Defendant Michael W. Miller's unwanted sexual advances to female co-workers in plain view of Plaintiff, Plaintiff became physically threatened and humiliated.

18.     Because of the frequency of Defendant Michael W. Miller's unwanted sexual advances to female co-workers in plain view of Plaintiff, Plaintiff could not concentrate on her work.  Plaintiff's work was unreasonably interfered with by Defendant Michael W. Miller.  Plaintiff could not focus on work when Defendant Michael W. Miller, the Director, would approach and perform these acts during work hours in front of all employees including her.  Plaintiff felt her work performance was affected by Defendant Michael W. Miller's inappropriate actions.

19.     Plaintiff's work performance was interfered when Defendant Michael W. Miller on numerous occasions throughout Plaintiff's employment tenure made unwelcomed verbal and physical conduct of a sexual nature to co-workers immediately near Plaintiff.   By his actions, Defendant Michael W. Miller created a hostile work environment.

20.     Plaintiff suffered a tangible psychological injury as the Defendant Michael W. Miller's harassment in the Hinds County Department of Human Services branch of the Mississippi Department of Human Services was so severe and pervasive that a reasonable person would find his actions to be hostile and abusive, and Plaintiff subjectively perceived Defendant Michael W. Miller's harassment to be abusive.

21.     For example, Plaintiff was talking with another co-worker.  Plaintiff heard Defendant Michael W. Miller ordered the co-worker to the Job Readiness Area Office.  Plaintiff saw co-worker enter, and Defendant Michael W. Miller close the door.  Shortly thereafter, Plaintiff saw the co-worker hurriedly leave the office, and co-worker advised Defendant Michael W. Miller forced her to sit in his lap and tell her

what she wanted for Christmas, and had sexually molested her.  Plaintiff felt Defendant Michael W. Miller's actions were extremely offensive and abusive.

22.     Plaintiff became aware of a complaint filed by a co-worker against Defendant Michael W. Miller for sexual harassment in October 2010.

23.     Plaintiff was a witness to the sexual harassment of this co-worker.

24.     An internal investigation followed for the next several months and Plaintiff was interviewed and part of that investigation as a witness.  Plaintiff provided truthful statements regarding Defendant Michael W. Miller sexually harassing her co-worker.

25.     Plaintiff maintained an unblemished work record and had no "write-ups" or problems to the time of the investigation and her interview and had many months left on her work contract.

26.     On April 10, 2010 Plaintiff was terminated following her interviews regarding the sexual harassment to her co-worker and with no reason being provided for termination.

27.     After the termination of the Plaintiff, the U.S. Equal Employment Opportunity Commission (EEOC) issued a DETERMINATION of the investigation of Plaintiff's co-worker on January 19, 2012.  This DETERMINATION was directed to the Mississippi Department of Human Services, the Respondent.

28.     EEOC, in its DETERMINATION, stated " Witness testimony established that Respondent's County Director (*Defendant Michael W. Miller*) Evidence further showed that Charging Party (*co-worker*) and two of the employees who participated in the investigation were discharged.  Another quit and two others with knowledge of the Director's behavior were discharged.  Respondent maintained that the employees were discharged because each had performance, attendance, or other issues.  Respondent's assertions are not given credit because Respondent refused to

provide supporting documentation.  Therefore, Respondent's articulated reasons for the discharges do not withstand scrutiny".

29.    EEOC's findings on January 19, 2012 were "Based on the foregoing evidence and testimonies, it is reasonable to believe that Charging Party (*co-worker*) and other females (*Plaintiff*) were subjected to a sexually hostile work environment and discharged in retaliation for opposition and participation in an internal investigation in violation of Title VII".

## **Liability of John Does 1-10**

30.    At least since 2003, Defendants John Does 1-10 who served in a supervisory capacity at the Hind County Department of Human Services had actual knowledge of Defendant Michael W. Miller's propensity for sexual harassment, a hostile work environment, and subsequent retaliation toward volunteer workers and to those hired by Defendant Michael W. Miller.  Defendants John Does 1-10 who served in this supervisory capacity knew Defendant Michael W. Miller posed a risk to the safety of these volunteers and newly hired employees.

31.    Defendants John Does 1-10 would have known of the numerous aggrieved parties who worked as volunteers or as full time employees who were subjected to the sexual harassment and a hostile work environment and their particular instances while employed at the Hinds County Department of Human Services:

    A.    <u>JoLynn Jackson</u>

    Jackson recently retired after 29 years of service.  Jackson observed sexual harassment to employees and reported Defendant Michael W. Miller.  As a result, Jackson was mistreated, not promoted, and moved to another office.

    B.    <u>Marsha Calhoun</u>

During her tenure, she was the victim of constant sexual harassment and advances by Defendant Michael W. Miller and was fired when she reported it.

C.     Teresa Ball

During her tenure, she was constantly the victim of sexual advances and harassment by Defendant Michael W. Miller to the knowledge of other supervisors.

D.     Maggie Sulton

Sulton witnessed Defendant Michael W. Miller sexually harass numerous employees and was subjected to a hostile work environment. Sulton was terminated when she reported this to supervisors.

E.     Rinski Gilmore-Marshall

Gilmore-Marshall was aware of Defendant Michael W. Miller's sexual advances to numerous employees and a hostile work environment. Gilmore-Marshall was terminated when she reported it to her superiors.

F.     Roshunda Harrien

Harrien witnessed the sexual harassment by Defendant Michael W. Miller to employees and reported it. Harrien was then terminated.

G.     Stephanie Bolin

Bolin had her underwear tugged by Defendant Michael W. Miller and paper thrown between her breasts by Defendant Michael W. Miller. Bolin reported this information and then quit her job because of the humiliation.

H.     Demetria Gray Abdul Haqq

Haqq was the victim of constant sexual misconduct and harassment by Defendant Michael W. Miller.  Haqq reported this sexual harassment and left her employment because of the humiliation caused to her.

I.      Marjorie Purnell

Purnell witnessed the sexual harassment and experienced the hostile work place of Defendant Michael W. Miller.  Miller confided in Purnell that he would create false reports to terminate employees.  Purnell retired because of the pressure.

J.      Marlitta Pollard

Pollard was a victim of sexual harassment and the hostile work environment of Defendant Michael W. Miller.  Pollard reported Defendant Michael W. Miller, and she was terminated from employment as a result.

K.      Angela Kirkland

Kirkland witnessed the sexual harassment to numerous employees by Defendant Michael W. Miller.  Kirkland was fired for reporting this to superiors.

L.      Merry Dampeer

Dampeer started employment in 2003 and was the victim of sexual attacks and sexual misconduct by Defendant Michael W. Miller.  Dampeer resisted and was moved to another location.  Dampeer quit her employment because of the hostile work environment.

M.      Angela L. Moore

Moore was terminated because Defendant Michael W. Miller told her to not talk any more with JoLynn Jackson.  This was subsequent to JoLynn Jackson reporting Defendant Michael W. Miller for sexual harassment.

N.     Latoya T. Hartwell

Hartwell was sexually harassed by Defendant Michael W. Miller while employed at Hinds County Department of Human Services branch of the Mississippi Department of Human Services.  Defendant Michael W. Miller inappropriately touched and made lewd comments, and when Hartwell resisted, she was terminated.

O.     James Vincent Robinson

Robinson, while employed at Hinds County Department of Human Services branch of the Mississippi Department of Human Services, discovered Defendant Michael W. Miller was dating and sexual relations with the same girl and an employee of Defendant Michael W. Miller.  When that employee became pregnant, Robinson was confronted by Defendant Michael W. Miller.  Robinson was informed by Defendant Michael W. Miller the baby was not his (Miller's) because Defendant Michael W. Miller had a DNA check conducted.  Robinson was terminated shortly thereafter.

P.     Thea Jane Lovertich

Lovertich observed the sexual harassment by Defendant Michael W. Miller, experienced a hostile work environment, and was terminated out of retaliation for reporting such.

32.    Defendants John Doe 1-10 would have known of the above incidents of sexual harassment, sex discrimination, and retaliation by Defendant Michael W. Miller.  Defendants John Doe 1-10 never investigated or reported Defendant Michael W. Miller to the proper authorities.  Defendants John Doe 1-10, by ignoring the above sexual harassment, sex discrimination, and retaliation by Defendant Michael W. Miller represented a willful indifference to the safety of its employees.

## CAUSES OF ACTION AND DAMAGES

33.     Plaintiff incorporates paragraphs 1-32 above as though specifically set forth herein.

34.     For approximately one and one half years, Plaintiff suffered from the continual sexual harassment and assaults to coworkers from Defendant Michael W. Miller, who served as the Director of the Hinds County Department of Human Services branch of the Mississippi Department of Human Services.  Plaintiff also suffered loss of employment and promotions.  Plaintiff also suffered economically because she was terminated from her employment after reporting to her supervisors the sexual harassment of Defendant Michael W. Miller.

35.     Defendants are liable to Plaintiff for Sexual Harassment, Hostile Work Environment, Sexual Discrimination of the person in violation of Title VII of the Civil Rights Act of 1964,  42 U.S.C. Section 1983 and the Fourteenth Amendment of the United States Constitution

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial by jury.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Future wages commensurate with promotions;
2. Back pay
3. Compensatory damages
4. Punitive damages
5. Attorneys' fees
6. Costs and expenses
7. Such further relief as is deemed just and proper.

This the 26th day of August, 2013.

       Respectfully submitted,

       Natasha Evans Taylor, PLAINTIFF


       By*:   /s/  Philip H. Neilson*
         Philip H. Neilson (MB# 3798)


Philip H. Neilson
Neilson Law Office
P.O. Box 1860
Oxford, MS 38655
(662) 832-8070

CERTIFICATE OF SERVICE

I, Philip H. Neilson, Attorney for Plaintiff, do hereby certify that on this date I caused to be electronically filed the foregoing **Amended Complaint** with the Clerk of the Court using ECF system which sent notification of such filing to the following:

Peter W. Cleveland, Esq.
Office of the Attorney General
Post Office Box 220
Jackson, Mississippi  39205-0220
pclev@ago.state.ms.us

THIS the 26th day of August, 2013.

                                              /s/  Philip H. Neilson
                                              PHILIP H. NEILSON